OPINION
 STATEMENT OF THE FACTS AND CASE
Following trial to the court, jury having been waived, Joseph E. Figgins was found guilty of menacing, R.C. 2903.22, and sentenced to 30 days in the Fairfield County Jail, a $250 fine, and costs, by the Lancaster Municipal Court. He appeals assigning six errors:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE DEFENDANT'S MOTION FOR A DIRECTED VERDICT OF ACQUITTAL AS THE STATE OF OHIO PRESENTED NO EVIDENCE UPON WHICH THE TRIER OF FACT COULD REASONABLE (sic) DETERMINE THAT EACH ELEMENT OF THE CHARGED OFFENSE HAD BEEN PROVEN BEYOND A REASONABLE DOUBT.
ASSIGNMENT OF ERROR II
 THE EVIDENCE WAS SUCH THAT REASONABLE MINDS COULD ONLY CONCLUDE THAT NO ELEMENT OF THE CHARGED OFFENSE HAD NOT BEEN PROVED BEYOND A REASONABLE DOUBT.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED WHEN IT CONVICTED THE DEFENDANT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE THAT DEMONSTRATED THAT THE CHARGED OFFENSE HAD NOT BEEN PROVEN.
ASSIGNMENT OF ERROR IV
 THE TRIAL (sic) ABUSED ITS DISCRETION BY ENHANCING THE SENTENCE OF THE DEFENDANT BECAUSE THE DEFENDANT EXERCISED HIS CONSTITUTIONAL RIGHT TO A TRIAL.
ASSIGNMENT OF ERROR V
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ENHANCED THE DEFENDANT'S SENTENCE AFTER CONSIDERATION OF LEGALLY IRRELEVANT SENTENCING FACTORS AND TO PUNISH THE DEFENDANT FOR PERCEIVED LACK OF SOCIAL GRACE.
ASSIGNMENT OF ERROR VI
 THE TRIAL (sic) ABUSED ITS DISCRETION BY FAILING TO COMPLY WITH THE REQUIREMENTS OF R.C. 2929.22 IN SENTENCING DEFENDANT.
We overrule the Assignments of Error and Sustain the Judgment and Sentence of the Lancaster Municipal Court.
Notwithstanding failure of appellant to comply with the provisions of App. R. 16(A)(6) and (D) we have examined the record and extrapolated therefrom the evidence relevant to the several assignments of error. Although much of the evidence is disputed and contradicted, some salient facts are clear. Nicole Larcomb was a girlfriend of Grant Crozier and in his car at all times relevant. She had dated Joseph Figgins for a period of time. Crozier was driving on Route 33 in Lancaster and a car in front of them began driving erratically, tapping brakes, with male passengers gesturing with middle fingers towards Crozier's car. Crozier tried to pass and then turned into a side road. The car that had been in front was now following them. When Crozier stopped at a stop sign appellant exited his car, came to the driver window of Crozier's car, struck the window, breaking it, and yelling, "I'm going to kill you, you fucking bitch." Whereupon Crozier propelled his car forward, struck another car and was killed in the accident. Larcomb survived. Although at first denying that he was present, appellant eventually stated that he had been at the car and was walking back to his car at the time of the crash, leaving because he was frightened. Appellant injured his hand and showed the injury to the passengers in his car. That appellant was angry at Crozier and that he was chasing them is corroborated by friends in his car. That Crozier was frightened and pulled into the highway is also corroborated by Winegardner, one of the passengers in appellant's car. The question of whether appellant had abandoned his "mission" by being in the process of leaving the side of Crozier's car is in dispute. Larcomb repeatedly testified that she saw Figgins standing beside the car and saw that he was not walking away when Crozier started into the intersection. Larcomb specifically stated that ". . . he [Crozier] did feel threatened. Joe [Figgins] never walked away from the car." Tran. at 34. Witness Richie Landell, a passenger in Figgins' car, testified that Figgins was beside Crozier's car, "shaking his fist." No physical confrontation came of Figgins' yelling and fist shaking "because [Crozier's] car just took off. . . ." Tran. at 78. Further, although Figgins testified that he was walking back to his car when Crozier pulled into the intersection, cross-examination revealed that at the Grand Jury, Figgins testified that when Crozier's car began "actually going forward, I [Figgins] was still standing there. . . ." Tran. at 131. We conclude that there was sufficient, credible evidence that appellant did knowingly cause Crozier to believe that he would cause personal injury to himself or his property. The elements of menacing, R.C.2903.22, were proven. For the aforesaid reasons Assignments of Error I, II, and III are overruled.
The claim of the Fourth Assignment of Error is not supported by the record. Assignment of Error IV is overruled.
Under the circumstances of this case, and consistent with the factors enumerated in R.C. 2929.22 we find that the imposition of the maximum fine and jail sentence in this case was not an abuse of discretion. Assignments of Error V and VI are overruled.
THE ASSIGNMENTS OF ERROR ARE OVERRULED AND THE JUDGMENT AND SENTENCE OF THE LANCASTER MUNICIPAL COURT IS AFFIRMED.
 ________________________ MILLIGAN, V.J.
GWIN, P.J. and FARMER, J. concurs.